IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEONARD ASKEW, N53889, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 24-cv-795-MAB |
| vs. | ) ) |
| CHRISTINE VINEYARD, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**BEATTY, Magistrate Judge:**

Plaintiff Leonard Askew, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Graham Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while at Centralia Correctional Center (Centralia). (Doc. 1). Specifically, Plaintiff alleges that the defendant prevented him from receiving two items that were prescribed for his eczema, and as a result he suffered a rash, sores, and skin irritation on and off for five months.

The Complaint (Doc. 1) is now before the Court[1] for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and Wexford and this Court.

may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

In December of 2022, Plaintiff first noticed a couple of sores on the top of his head, so he sought medical treatment.  (Doc. 1 at 5).  He was eventually put in to see a dermatologist, but he was transferred to Centralia on March 25, 2023, before the appointment occurred.  (Doc. 1 at 6).  Once at Centralia, Plaintiff followed-up with the doctor about his dry skin and sores and he was sent in April of 2023 to see a dermatologist.  The dermatologist diagnosed him with eczema, and suggested management of the condition with sensitive Dove soap, triamcinolone cream, Vaseline, and sunscreen.  Plaintiff received the items on a weekly or monthly basis in April, May, and June of 2023.

Plaintiff alleges that the lady in the pharmacy told him he could buy soap, Vaseline, and sunscreen on the commissary, so all the pharmacy would provide was the triamcinolone cream.  Plaintiff also attributes the stoppage of these items to healthcare unit administrator, Defendant Christine Vineyard.  (Doc. 1 at 6).  He claims that he told Vineyard and the pharmacist either that he could not afford the items or that the commissary did not have them, but Vineyard told him to buy Ambi soap instead.  (Doc. 1 at 6-7).  Plaintiff also alleges that he spoke to Vineyard about his need for the items while he was awaiting other treatment one day at the medical unit, and she repeated the

direction to use Ambi soap. (Doc. 1 at 10). Plaintiff bought Ambi soap, but two weeks later he broke out in a rash and sought medical attention. He had rashes, sores, dark spots, burning and itching on his chest, stomach, legs and buttocks. (Doc. 1 at 7). He was prescribed hydrocortisone cream. (Doc. 1 at 7).

Plaintiff informed Vineyard of the problem with Ambi soap, and she told him to buy Next One soap instead. Plaintiff tried this soap and got another rash, for which he was again given hydrocortisone cream. (Doc. 1 at 7). Plaintiff alleges that he filed grievances about his issues and the facility directed that he be given the items, but the director of nursing (whom he also identifies as Vineyard), refused to give him the items. Plaintiff alleges that he also appealed to the ARB, and they repeated the directive that he should be given the soap and directed the facility to ensure that it was done. (Doc. 1 at 11). Prior to getting the response to his appeal, he was transferred to Graham Correctional Center in October of 2023. (Doc. 1 at 11). Plaintiff alleged that as of the writing of the complaint he still had skin problems. (Doc. 1 at 7).

In support of his complaint, Plaintiff submitted grievance documentation and medical records. Plaintiff seeks monetary damages. (Doc. 1 at 4).

Based on the allegations in the Complaint, the Court designates the following claims:

> **Claim 1:** Eighth Amendment deliberate indifference claim against Defendant Christine Vineyard for her actions related to Plaintiff's eczema treatment from June – October of 2023;
>
> **Claim 2:** Negligence claim against Vineyard for the same conduct;

>    **Claim 3:**     Intentional infliction of emotional distress claim against Vineyard for the same conduct.

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## DISCUSSION

An Eighth Amendment claim arising from the denial of medical care consists of an objective and a subjective component. *Berry v. Peterman*, 604 F.3d 435, 439–40 (7th Cir. 2010). A plaintiff must show that he suffered from a serious medical condition (i.e., an objective standard) and also show that each defendant responded with deliberate indifference (i.e., a subjective standard). *Id.* To satisfy the subjective component, a prisoner must demonstrate that an official knew of and disregarded an excessive risk to inmate health. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Neither medical malpractice, nor mere disagreement with a doctor's medical judgment will amount to deliberate indifference. *Id.* Additionally, an inmate is not entitled to demand specific care, and a medical professional may choose from a range of acceptable courses of care. *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019). If an inmate alleges a delay in treatment, he must present verifying medical evidence that the delay, and not the medical condition itself, cause some harm. *Jackson v. Pollion*, 733 F.3d 786, 790 (7th

Cir. 2013). He must also show it was the defendant's actions or inaction that caused the delay in treatment. *Walker*, 940 F.3d at 964.

Plaintiff's allegations against Vineyard are sufficient to proceed at this juncture because he alleges that she interfered with his access to a prescribed course of eczema treatment, and her interference caused him to suffer from multiple bouts of skin irritation.

Claims 2 and 3 rely on state law, and the Court may exercise supplemental jurisdiction over these claims if they are sufficiently pled. *See* 28 U.S.C. § 1367. In order to bring a negligence claim under Illinois law,[2] a plaintiff must set forth allegations suggesting that each defendant owed him a duty of care, breached the duty, and the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citation omitted). Plaintiff's allegations are sufficient to proceed on a theory of negligence against Vineyard for her alleged role as an administrator who denied him access to needed eczema treatment. Accordingly, claim 2 is sufficient to proceed against Vineyard as pled.

By contrast, a state law claim for the intentional infliction of emotional distress requires a showing that: 1) the defendant "engaged in extreme and outrageous conduct;" 2) the defendant either intended to inflict severe emotional distress "or knew there was a high probability that [her] conduct would cause severe emotional distress;" and 3) the

---

[2] To bring a medical negligence claim in Illinois, an individual must follow 735 Ill. Comp. Stat. § 5/2-622(a)-(b), which requires the filing of an affidavit stating that there is a reasonable and meritorious cause for litigation of the medical malpractice claim, along with a physician's report in support of the affidavit. *See e.g., Young v. United States*, 942 F.3d 349 (7th Cir. 2019). It is not clear at this early juncture if Plaintiff is contesting Vineyard's actions merely as an administrator, or in some other medical treatment capacity. If this is a medical negligence claim, Plaintiff will need to supply the required affidavit by the summary judgment phase of these proceedings.

defendant's "conduct in fact caused severe emotional distress." *McGreal v. Village Orland Park*, 850 F.3d 308, 315 (7th Cir. 2017) (internal quotations omitted). The Court does not find that Plaintiff has plausibly alleged that Vineyard acted with an intent to inflict severe emotional distress, or that severe distress was actually caused. At most, his allegations suggest that he was bothered by Vineyard's conduct, but not that the situation was extreme and outrageous or intended to cause serious harm. Thus, Claim 3 will be dismissed for failure to state a claim.

Plaintiff indicated that he wished to sue Vineyard in her individual and official capacities, but he may only proceed on the individual capacity claims. "The Eleventh Amendment prohibits suits against state officials in their official capacities because "a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office." *Jones v. Cummings*, 998 F.3d 782, 786 (7th Cir. 2022). Accordingly, any allegation against Vineyard in her official capacity is dismissed.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has moved for recruited counsel (Doc. 4) because he does not have extensive legal knowledge, he has limited access to the law library, and he is a mental health patient. There is no right to the appointment of counsel in civil matters. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff has not filed any proof of his own

efforts to recruit counsel.  Additionally, the Court is not convinced, at this juncture, that Plaintiff is incapable of representing his own interests.  His complaint is short and clear, and it includes relevant exhibits.  The complaint was sufficient to proceed beyond initial review, and the next steps are simple and will be guided by the Court's forthcoming scheduling order.  Given these circumstances, the Court finds that Plaintiff is capable representing his own interests at this early juncture, and his Motion (Doc. 4) is **DENIED**.

### DISPOSITION

**IT IS HEREBY ORDERED THAT Claims 1-2** of the Complaint (Doc. 1) survive initial screening as described above against Defendant Christine Vineyard.  **Claim 3** is dismissed without prejudice as insufficiently pled.

The Clerk of Court is **DIRECTED** to prepare for Defendant Christine Vineyard: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for

sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 7 days after a transfer or other change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA protective order.

**IT IS SO ORDERED.**

Dated: April 2, 2024

/s/ Mark A. Beatty  
**MARK A. BEATTY**  
**United States Magistrate Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.